Order, Supreme Court, New York County (Louis B. York, J.), entered September 26, 2008, which, to the extent appealed from as limited by the briefs, granted plaintiffs motion for renewal of a prior motion to the extent of reinstating her claim for punitive damages against defendant condominium, unanimously affirmed, without costs.
Plaintiff seeks damages based on defendant condominium board’s alleged breach of fiduciary duty in connection with its decision to halt plaintiffs alteration of her first-floor commercial unit. The plans involved venting a bathroom and new mechanical equipment in the kitchen through an exterior wall and onto the terrace owned by another unit owner, who was also a board *402 member. Plaintiff, as owner of a commercial unit, had the right to make alterations without the board’s consent, to the extent it did not create a “nuisance” or interfere with any other resident’s peaceful possession or proper use of the property.
The IAS court properly granted plaintiffs motion for renewal of her prior motion to the extent of reinstating her claim for punitive damages. Punitive damages are available in a tort action where the wrongdoing is intentional or deliberate, presents circumstances of aggravation or outrage, evinces a fraudulent or evil motive, or is in such conscious disregard of the rights of another that it is deemed willful and wanton (Prozeralik v Capital Cities Communications, 82 NY2d 466, 479 [1993]).
Plaintiffs allegations of defendant condominium’s misconduct in improperly withholding approval of her proposed alterations satisfy these criteria. Plaintiff alleges that the condominium board withdrew its prior approval at the behest of a board member whose property may have been affected by the proposed alterations. In addition, plaintiff claims that the board’s action took place at a secret meeting in which the affected board member participated and where no quorum was present. Finally, plaintiff alleges that the Department of Buildings twice rejected the condominium’s request to revoke her plan for renovations. If these allegations of intentional and willful disregard of plaintiffs rights prove true, the trier of facts could well conclude that punitive damages are warranted.
Motion seeking leave to supplement brief granted. Concur— Mazzarelli, J.P., Saxe, Moskowitz and Renwick, JJ.